LYMAN SNELL & wife *vs.* INHABITANTS OF WESTPORT.

Under *St.* 1856, *c.* 188, a wife is a competent witness in support of an action brought by her husband and herself jointly for a personal injury to her.

ACTION OF TORT, brought by Lyman Snell and Clarissa his wife for an injury sustained by her from a defect in a highway.

At the trial in the court of common pleas, early in June 1857, before *Bishop*, J., the wife was admitted, against the objection of the defendants, to testify as fully as if she had not been the wife of the other plaintiff; and was the only witness upon the amount of injury. The verdict was for the plaintiffs, and the defendants alleged exceptions.

*J. C. Stone*, for the defendants.

*T. M. Stetson*, for the plaintiffs.

DEWEY, J. This case having been tried before the *St.* of 1857, *c.* 305, went into operation, the right of Mrs. Snell, the wife, to testify, must depend upon the construction given to *St.* 1856, *c.* 188. The provisions of this act are general, authorizing " parties in all civil actions to testify in their own favor."

We have already decided that in an action commenced by the husband solely in his own right, and when the wife could not have been joined as a party, the wife was not by force of

this statute made a competent witness for her husband. Upon what had heretofore been considered as satisfactory reasons for such exclusion, and finding no new provisions in the act enlarging the rule as it existed at common law, as to her competency, she was held to be properly excluded, when offered to support an action instituted solely by the husband. *Barber* v. *Goddard, ante,* 71.

But the case before us differs materially from the case alluded to. In the present case the wife is one of the parties to the suit. It being brought to recover damages for her personal sufferings, the action could only be brought in her name and her husband's as plaintiffs. So too the cause of action is one that would survive to her in case of her husband's death before judgment in the action. She is therefore really a party to the suit, in every sense required to bring her within the provisions of the *St.* of 1856, *c.* 188, and to make her a competent witness in the case.              *Exceptions overruled.*